**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| *In re*: | : | Case No. 14-58250 |
| | : | Chapter 7 |
| **Nick Glassburn**, | : | |
| | : | Judge C. Kathryn Preston |
| *Debtor.* | : | |

___

| | | |
|---|---|---|
| **Larry J. McClatchey, Trustee** | : | |
| 65 East State Street, Suite 1800 | : | Adv. Pro. No: _____ |
| Columbus, Ohio 43215 | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| vs. | : | |
| | : | |
| **U.S. Bank National Association** | : | |
| Attn: Jan Estep, President | : | |
| 425 Walnut Street | : | |
| Cincinnati, Ohio 45202- 3923 | : | |
| | : | |
| *Defendant*. | : | |

___

**COMPLAINT BY TRUSTEE TO AVOID MORTGAGE, PRESERVE LIEN FOR THE BENEFIT OF THE ESTATE AND FOR AUTHORIZATION TO SELL PROPERTY FREE OF LIENS, CLAIMS, AND ENCUMBRANCES**

**Jurisdiction, Venue, and Parties**

1.  This adversary proceeding arises in and relates to the Chapter 7 bankruptcy case of Nick Glassburn ("Debtor"), which was commenced by voluntary petition filed on November 25, 2014 (the "Petition Date"), Bankruptcy Case No. 14-58250.

2.  The Court has jurisdiction in this matter pursuant to the provisions of 28 U.S.C. §§ 157 and 1334, and the general order of reference entered by the United States District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 157.

3. The within matter is a core proceeding as provided under 28 U.S.C. §157(b)(2)(E), (F), and (K).

4. Venue is proper pursuant to 28 U.S.C. § 1409(a).

5. Larry J. McClatchey ("Trustee"), is the duly authorized and acting chapter 7 trustee for the above-styled bankruptcy case.

6. Defendant U.S. Bank National Association ("U.S. Bank") is a federally insured depository institution, which has done business in Ohio at times relevant to this case.

## Loan Transaction

7. On June 30, 2005, Debtor acquired a parcel of real estate and improvements thereon, commonly known as 7135 Laver Lane, Delaware County, Westerville, Ohio 43082, Auditor Parcel No. 317-240-15-021-000 (the "Property"). The complete legal description of the Property is set forth on Exhibit A, which is attached hereto.

8. On or about June 30, 2005, Debtor entered into a transaction with Randall Mortgage Services, Inc. ("Lender") pursuant to which Debtor borrowed $225,000.00 (the "Indebtedness") from Lender.

9. On June 30, 2005 (the "Closing"), Debtor executed a written instrument that purported to convey to Lender the Property, or an interest therein, to secure the Indebtedness ("Mortgage").

10. The Mortgage was not filed for record or recorded in the office of the Recorder of Delaware County, Ohio, as of the Petition Date, nor has it yet been filed for record or recorded.

11. On December 21, 2005, Priority Land Title Agency, LLC, filed for record in Delaware County, Ohio, an instrument entitled "Affidavit of Lost Mortgage". In the Affidavit of Lost Mortgage, a representative of Priority Land Title Agency, LLC, which conducted the Closing,

admits that the Mortgage was not filed for record or recorded in the office of the Recorder of Delaware County, Ohio. A copy of the Affidavit of Lost Mortgage is attached hereto as Exhibit B.

12. On August 5, 2013, Mortgage Electronic Registration Systems, Inc., as Nominee for Randall Mortgage Services, Inc., executed an assignment of the Mortgage to U.S. Bank ("Mortgage Assignment"). A copy of the Mortgage Assignment is attached hereto as Exhibit C.

13. The Mortgage Assignment was recorded on August 6, 2013 in the office of the Recorder of Delaware County, Ohio as Instrument No. 2013-00030218.

**FIRST CLAIM**
**(Sale Free of Encumbrance—11 U.S.C. § 544)**

14. The allegations of the preceding paragraphs are incorporated by reference.

15. U.S. Bank may have or claim some interest in the Property by virtue of the Mortgage. Since the Mortgage had not been recorded as of the Petition Date, the conveyance of an interest in the Property to U.S. Bank or its predecessors is fraudulent, invalid, and unenforceable as to subsequent purchasers from Debtor. Furthermore, the Affidavit of Lost Mortgage does not create a perfected security interest in the Property in U.S. Bank that is superior to the rights of Trustee.

16. Under applicable Ohio law, a *bona fide* purchaser of the Property from Debtor who had properly perfected the transfer as of the Petition Date would cut off the rights of any other person claiming an interest in the Property under the Mortgage.

17. As of the Petition Date, Trustee is vested with the rights of a *bona fide* purchaser of real property from Debtor under the provisions of 11 U.S.C. § 544(a)(3). Trustee therefore acquired, by operation of law, all of Debtor's right, title, and interest in the Property as of the Petition Date, superior to the rights of U.S. Bank.

18. Trustee is entitled to judgment determining that all of Debtor's right, title, and interest in the Property became an asset of the bankruptcy estate on the Petition Date, and that Trustee is authorized to sell the Property, free of any interest of U.S. Bank. Since U.S. Bank acquired no interest in the Property superior to the rights of Trustee as a result of the Mortgage, it is not necessary for Trustee to avoid the purported transfer to U.S. Bank.

### SECOND CLAIM
### (Avoidance of U.S. Bank Mortgage Under 11 U.S.C. § 544)

19. The allegations of the preceding paragraphs are incorporated by reference.

20. Alternatively, in <u>addition</u> to having the rights of a *bona fide* purchaser of the Property from Debtor as of the Petition Date, Trustee had, as of the Petition Date, the <u>alternative</u> right to avoid any transfer of property of Debtor that was voidable by a judicial lien creditor and/or a *bona fide* purchaser of the Property from Debtor who had perfected such transfer as of the Petition Date, whether or not such a creditor or purchaser exists.

21. The Mortgage is fraudulent and avoidable under Ohio law by Trustee as a judicial lien creditor and/or a subsequent *bona fide* purchaser from Debtor who perfected the transfer as of the Petition Date.

22. Trustee is entitled to judgment avoiding the transfer of the Property from Debtor to U.S. Bank under the provisions of 11 U.S.C. § 544 and Ohio law.

### THIRD CLAIM
### (Avoidance of Preference Under 11 U.S.C. § 547-Mortgage)

23. The allegations of the preceding paragraphs are incorporated by reference.

24. The alleged transfer of the Property from Debtor to Lender or U.S. Bank was not perfected within 30 days after Closing and is therefore deemed to have been completed immediately before the Petition Date in accordance with 11 U.S.C. § 547(e)(2)(c) ("Transfer").

25. The Transfer was a transfer of an interest of Debtor in the Property and was made to Lender or U.S. Bank, a creditor of Debtor.

26. The Transfer was made for or on account of the loan made by Lender or U.S. Bank to Debtor at Closing.

27. The Transfer was made while Debtor was insolvent and within 90 days before the Petition Date.

28. The Transfer enabled U.S. Bank to receive more than it would have received if the Transfer had not been made and it had received payment of such debt to the extent provided in Title 11 in this case.

29. Trustee is entitled to judgment avoiding the Transfer under the provisions of 11 U.S.C. § 547(b).

## FOURTH CLAIM
### (Determination of Claim as Unsecured Claim)

30. The allegations of the preceding paragraphs are incorporated by reference.

31. Any claim of U.S. Bank against Debtor is allowable as a secured claim in this case only to the extent of the interest of U.S. Bank in the Property.

32. Any interest of U.S. Bank in the Property is void or voidable as set forth herein.

33. Trustee is entitled to judgment the provision of 11 U.S.C. § 506(d), determining that any claim of U.S. Bank against Debtor is allowable only as a pre-petition general unsecured claim.

## FIFTH CLAIM
### (Preservation of Avoided Lien Under 11 U.S.C. § 551)

34. The allegations of the preceding paragraphs are incorporated by reference.

35. Upon avoidance of the Mortgage, the lien thereof is preserved for the benefit of the estate pursuant to 11 U.S.C. § 551.

## SIXTH CLAIM
### (Sale of Property Under 11 U.S.C. § 363)

36. The allegations of the preceding paragraphs are incorporated by reference.

37. Trustee alleges, upon information and belief, that U.S. Bank may have or claim some interest in the Property by virtue of the Affidavit of Lost Mortgage.

38. Trustee disputes the interest of U.S. Bank for the reasons set forth above.

39. Trustee is entitled to judgment authorizing him to sell the Property under 11 U.S.C. § 363(f), free and clear of any interest in the Property of U.S. Bank because the interest of such defendant in the Property is in bona fide dispute.

**WHEREFORE**, Trustee demands judgment as follows:

1. Determining that all of Debtor's right, title, and interest in the Property became an asset of the bankruptcy estate on the Petition Date, and that Trustee is authorized to sell the Property free of any interest of Debtor or U.S. Bank;

2. Avoiding the transfer of the Property or any interest therein from Debtor to U.S. Bank;

3. Determining that the claim of U.S. Bank is an unsecured claim against the estate; and

4. For all other and further relief to which Trustee may be entitled.

Respectfully submitted,

*/s/Nancy Ashbrook Willis*
Nancy Ashbrook Willis (0034117)
Law Office of Nancy Ashbrook Willis
6361 Crouch Road
Mount Vernon, Ohio 43050

6

Telephone: (740) 397-2060
Email: nancywillis1@embarqmail.com
*Attorney for Plaintiff Trustee*