**This document has been electronically entered in the records of the United States Bankruptcy Court for the Southern District of Ohio.**

**IT IS SO ORDERED.**



C. Kathryn Preston
United States Bankruptcy Judge

**Dated: February 10, 2015**

_____

4830-1872-5409

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No. 14-58250 |
| | : | |
| Nick Glassburn, | : | Chapter 7 |
| | : | Judge C. Kathryn Preston |
| Debtor. | : | |

### AGREED ORDER RESOLVING MOTION FOR RELIEF FROM STAY AND TRUSTEE'S OBJECTION THERETO
[Docket No. 8]

   This matter came on before the Court upon the Motion of Talmer Bank and Trust, Successor by Merger to First Place Bank for Relief from Stay [Doc. #8] filed on December 8, 2014, and the Objection of Trustee to the Motion for Relief From Stay [Doc. #12] filed with the Court on December 29, 2014.

   The parties have agreed as follows:

   1.  That Talmer Bank and Trust, Successor by Merger to First Place Bank holds a first mortgage on the real property located at 7848 Hatherton Place, Galena, Ohio ("Property").

   2.  That any sale of the Property by the Chapter 7 Trustee shall pay in full the entire balance owed to Talmer Bank and Trust, Successor by Merger to First Place Bank. The Trustee shall obtain a payoff statement from Talmer Bank and Trust, Successor by Merger to First Place Bank prior to the closing of a sale of the Property.

   3.  That the automatic stay under section 11 U.S.C § 362(a) shall remain in effect pending the Trustee's attempt to sell the Property that is subject of the motion. The parties agree

that if the Property is not sold by the Trustee within 180 days of the entry of this Order, the automatic stay shall terminate on the 180th day without further motion or hearing and the Trustee shall abandon the Property. If the Trustee has a signed contract to purchase the property on or before the 180th day, but the sale has not closed, the automatic stay shall remain in place an additional 30 days to allow the sale to be completed.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that unless Trustee has sold the Property prior to the end of the 180 day period, Movant is granted relief from the automatic stay pursuant to 11 U.S.C. §362(d)(1) and/or §362(d)(2) to pursue its rights *in rem* under non-bankruptcy law as to the Property, without further motion or court order, *provided, however,* that this Order does not authorize determination of Movant's claim as a personal liability of Debtors.

IT IS SO ORDERED.

Submitted by:

| /s/Christopher P. Kennedy (per telephone) | /s/Larry J. McClatchey |
|---|---|
| Phyllis A. Ulrich         (0055291) | Larry J. McClatchey    (0012191) |
| Amy M. Blythe              (0071021) | Kegler Brown Hill & Ritter |
| Christopher P. Kennedy    (0074648) | 65 East State Street, Suite 1800 |
| Carlisle, McNellie, Rini, Kramer & Ulrich | Columbus, Ohio 43215 |
| 24755 Chagrin Blvd., Suite 200 | (614) 462-5400 |
| Cleveland, OH 44122-5690 | Facsimile: (614) 464-2634 |
| (216) 360-7200 | lmcclatchey@keglerbrown.com |
| Facsimile: (216) 360-7212 | Trustee and Attorney for Trustee |
| bankruptcy@carlisle-law.com | |
| Talmer Bank and Trust, successor by merger to, First Place Bank | |

*Copies to Default List*

###